UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **TOMMAS COCHRAN AND** <br> **MITZI COCHRAN** | * <br> * <br> * | **DOCKET NO.:** |
| **VERSUS** | * <br> * | **JUDGE:** |
| **STATE FARM FIRE AND** <br> **CASUALTY COMPANY** | * <br> * <br> * | **MAGISTRATE JUDGE:** |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## NOTICE OF REMOVAL

Defendant, State Farm Fire and Casualty Company, ("State Farm") appearing through undersigned counsel files this Notice of Removal pursuant to 28 U.S.C. § 1332 and 1441, and hereby removes this matter from the 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, to the docket of this Honorable Court on the grounds set forth below:

**I.  PROCEDURAL HISTORY**

1.

Plaintiffs filed this lawsuit in the 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, against State Farm on July 28, 2023. The case was captioned "*Tommas Cochran and Mitzi Cochran v. State Farm Fire and Casualty Company,*" Docket C-735172, Section 26 (*See* Exhibit A Petition for Damages, Service Return through La. Secretary of State on August 28, 2023, forwarding of the petition by the Secretary of State to State Farm on August 29, 2023, and receipt of the petition by Corporation Service Company on August 30, 2023, attached hereto and marked for identification as State Farm Exhibit "A").

2.

Plaintiffs' lawsuit arises out of damage to their home alleged due to wind and hail occurring

on March 25, 2023 located at 6111 Upper Asbury Lane, Baton Rouge, Louisiana 70777. (Exh. A Petition at p. 4, ¶2, 3). Plaintiffs filed an insurance claim with State Farm, their homeowner's insurer, alleging wind and hail damage to their residence. (*Id*. at ¶2, 3). The petition asserts that State Farm failed to tender adequate payment for the damage to the Plaintiffs' home. (*Id*. at ¶4). Plaintiffs allege that State Farm has engaged in bad faith claims handling as set forth in La. R.S. 22:1973 and/or La. R.S. 22:1892, and State Farm has breached the insurance contract between State Farm and Plaintiffs. (*Id.* at p. 5-6 ¶9-13).

3.

State Farm removes this action from the 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, to the United States District Court for the Middle District of Louisiana, pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 1441, *et seq.*

**II.     REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. § 1332 AS THE AMOUNT IN CONTROVERSY EXCEEDS $75,000.00 AND COMPLETE DIVERSITY EXISTS.**

4.

28 U.S.C. § 1332 provides federal district courts with concurrent original jurisdiction in cases "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between (1) citizens of different States.

5.

The Fifth Circuit has explained that for purposes of establishing removal jurisdiction, a defendant may demonstrate that the amount in controversy exceeds $75,000, "in either of two ways: (1) by demonstrating that it is 'facially apparent' from the petition that the claim likely exceeds $75,000 or (2) 'by setting forth *the facts* in controversy-preferably in the removal petition, but sometimes by affidavit that supports a finding of the requisite amount.'" *Grant v. Chevron*

*Phillips Chemical Co.*, 309 F.3d 864, 868 (5th Cir. 2002) (emphasis in original) (quoting *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir.1995). The facts set forth in the and this removal notice establish that the amount in controversy exceeds SEVENTY-FIVE THOUSAND and No/100s ($75,000) DOLLARS, exclusive of interest and costs.

6.

Plaintiffs, through counsel, submitted a demand to repair the home in the amount of $45,299.29 that did not include a penalties and attorney's fees. (See Exhibit B p. 1-2; Demand letter dated April 28, 2023, Estimate from Premier South Roofing p. 4-6 in the amount of $45,299.29). State Farm has paid only $274.80 on the claim.

7.

Plaintiffs' demand with the estimate can be considered by this court in support of State Farm's burden of proof to show by a preponderance of the evidence that the amount in controversy exceeds the $75,000 jurisdictional amount. Louisiana federal courts have "[p]reviously held that the amount sought in a pre-removal settlement demand letter is "valuable evidence to indicate the amount in controversy at the time of removal.'" *Richard v. Starr Indemnity and Liability Co.*, 16-663, 2016 WL 11264643 *3 (M.D. 12/29/206) (Bourgeois, M.J.) unpublished citing to *Fairchild v. State Farm Mutual Automobile Ins. Co.*, 907 F. Supp. 969, 971 (M.D. La. 1995). "It can be inferred from several Fifth Circuit cases that such a practice is permissible when the settlement offer reflects an honest assessment of the value of plaintiff's claims." *McGlynn v. Huston*, 693 F. Supp. 2d 585, 595 n.8 (M.D. La. 2010) (Noland, M.J.). *See also Wilson v. Berlin*, 20 F.3d 644,651 n.8 (5th Cir. 1994) (Removal was proper because plaintiff's counsel had sent defendants a letter "stating that the amount in controversy exceed $50,000, the minimum amount at that time required for diversity cases); *Addo v. Global Life & Acc. Ins. Co.*, 230 F.3d 759, 762 (5th Cir. 2000) (holding

3

that a demand letter can serve as an 'other paper from which it may be first ascertained that the case is one which is or has become removable" for the purpose of determining whether removal is timely under 28 U.S.C. §1446 (b) ).

8.

Plaintiffs assert in their petition that State Farm is liable for the payment of statutory bad faith penalties and attorney's fees pursuant to La. R.S. 22:1892 and 1973 and other damages. (Exhibit A. Petition p. 6¶13).

9.

Based upon the above cited allegations if Plaintiffs were to prove that State Farm failed to timely make payments as required by the Louisiana insurance bad faith statutes "[w]hen such failure is found to be arbitrary, capricious or without probable cause, shall subject the insurer to a penalty, in addition to the amount of loss, of fifty percent damages on the amount found to be due from the insurer to the insured, or one thousand dollars whichever is greater payable to the insured…. or in the event a partial payment or tender has been made, fifty percent of the difference between the amount paid or tendered and the amount found to be due as well as reasonable attorney fees and costs" La. R.S. 22:1892 B. (1).

10.

Plaintiffs' estimate provides for $45,299.29 in damages to the home. The fifty percent penalty provided under La. R.S. 22:1892 on this amount is $22,649.65 for a total potential recovery of the repair costs plus penalties in the amount of $67,948.94 less the $274.80 paid on the claim for an amount in dispute of $67,674.14. The typical attorney contingent fee of 33% on an award

4

of $67,948.94 is $22,332.47.[1] Thus, the total amount in controversy for replacement of the roof and repairs is $89,946.61 including penalties under La. R.S. 22:1892 and attorney's fees.

11.

Plaintiffs' petition also does not contain an allegation required by La. Code of Civil Procedure Article 893 A. (1) that "[i]f a specific amount of damages is necessary to establish…the lack of jurisdiction of federal courts due to insufficiency of damages… a general allegation that the claim exceeds or is less than the requisite amount is required."  Federal Courts within Louisiana have held that a plaintiff's failure to follow La. C.C.P. art. 893 (A) (1)'s mandate is entitled to some consideration although in and of itself is not determinative of the amount in controversy. *Johnson v. Beale*, 18-961 2018 WL 6037526 at *2 (M.D. La. November 16, 2018) (citations omitted); *Joseph v. State Farm Mutual Automobile Co.*, 11-122, 2011 WL 2899127 at *2 (E.D. La. July 18, 2011) (Fallon, J.) (citations omitted); *Courville v. State Farm Mutual Automobile Ins. Co.*, 15-cv-01221, 2015 WL 4730124 at *1-2 (W.D. La. August 10, 2015) (Hanna, M.J.) (citations omitted).

12.

While State Farm admits no liability nor any element of damages: (1) given that Plaintiffs allege that State Farm has failed to timely settle his claim and demands $45,299.29 in property damages alone; (2) that Plaintiffs are seeking bad faith and statutory penalties pursuant to La. R.S. 22:1892 in addition to seeking damages pursuant to La. R.S. 22:1973 would include awards for

---

[1] That federal courts have awarded attorney's fees based on contingent fee agreements based on the written contract in bad faith property damage claims against insurers is demonstrated in the recent ruling in *Eaux Holdings LLC vs. Scottsdale Ins. Co.*, 20-cv-01582, 2022 WL 951529 (W.D. La. March 29, 2022) (Cain, J.) the first jury trial in federal court arising out of Hurricane Laura. Judge Cain awarded Plaintiff's counsel a contingent fee of 20% as this was the amount stipulated in    Plaintiff's written agreement was a 20% contingent fee.  However, Judge Cain states in the ruling that  "[t]he Court would have been open to a higher contingency fee." *Id*. at *1.

mental anguish; and (3) that Plaintiffs have not alleged in the petition that their damages are below $75,000; these facts demonstrate that the matter in controversy far exceeds $75,000. State Farm has met its burden of showing that the amount in controversy exceeds SEVENTY-FIVE THOUSAND AND NO/100 ($75,000.00) DOLLARS, exclusive of interest and costs.

13.

State Farm is a foreign insurance corporation incorporated in the State of Illinois and has its principal place of business in the state of Illinois. State Farm is a citizen of the State of Illinois. Plaintiffs are citizens of the State of Louisiana and residents of East Baton Rouge Parish. (Exhibit A. p. 4 Preamble)[2]. There is complete diversity between the parties.

14.

This is a civil action over which the United States District Court for the Middle District of Louisiana has concurrent original jurisdiction under the provisions of 28 U.S.C. § 1332, *et seq.*, as the amount in controversy, exceeds SEVENTY-FIVE THOUSAND AND NO/100 ($75,000.00) DOLLARS, exclusive of interest and costs, and complete diversity exists between all adverse parties.

**III.  STATE FARM HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL.**

15.

State Farm was served with the Petition for Damages through its statutory agent for service of process, the Louisiana Secretary of State, on August 28, 2023 (Exhibit A at p. 3, Service of Process Return). The Secretary of State forwarded the Petition to Corporation Service Company

---

[2] A review of the East Baton Rouge property records will show a Cash Sale signed by the Plaintiffs on May 20, 1996, lists the Plaintiffs as being "domiciled in the Parish of East Baton Rouge." This further evidences that the Plaintiffs have been domiciled in East Baton Rouge Parish, Louisiana since at least 1996. State Farm's records reflect that both Plaintiffs have Louisiana driver's licenses. The La. Secretary of State's Voter Registration database reflects that both Plaintiffs are registered voters in East Baton Rouge Parish.

6

by certified mail on August 29, 2023 which was received by Corporation Service Company on August 30, 2023. (*See* Exhibit B, Letter from Secretary of State dated August 29, 2023 a *Id*. at p. 2, Service of Process Return on Louisiana Secretary of State dated August 28, 2023 *Id*. at p. 3, Notice of Service of Process Transmittal form from Corporation Service Company dated August 30, 2023, *Id.* at p. 1) .

"[C]ourts in the Fifth Circuit have held that the time for removal commences when the defendant actually receives formal process, as opposed to when service is made on the Secretary of State as the defendant's statutory agent." *Brown v. S.L. Netterville Logging, Inc.* 09-200, 2009 WL 1875755 (M.D. La. June 26, 2009) (Brady, J., Riedlinger, M.J.) (unpublished) citing to *Manuel v. Unum Life Ins. Co. of America*, 932 F. Supp. 784 (W.D. La. 1996) (30-day period for removal did not commence upon service of Secretary of State, but upon insurer's actual receipt of copy of that pleading); *Crescent City Holdings, LLC v. Scottsdale Ins. Co.*, 2008 WL 783592 (E.D. LA. March 25, 2008) (general rule is that 30-day clock does not begin to run when a statutory agent such as the secretary of state is served, but begins to run when defendant or someone serving as defendant's agent in fact receives process).

16.

This Notice of Removal is filed within 30 days of service of the petition on State Farm through its agent for service of process, Corporation Service Company.

17.

Jurisdiction is founded in the existence of diversity jurisdiction under 28 U.S.C. § 1332 (a)(2), which grants federal courts concurrent original jurisdiction over claims where the matter in controversy exceeds the sum or value of SEVENTY-FIVE THOUSAND AND NO/100

($75,000.00) DOLLARS, exclusive of interest and costs, and is between a citizen of a state and a citizens or subjects of a foreign state.

18.

The 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, is located within the Middle District of Louisiana pursuant to 28 U.S.C. § 98(b).  Therefore, venue is proper in accordance with 28 U.S.C. § 1441(a) because it is the "district and division embracing the place where such action is pending."

19.

State Farm has filed no previous application for the relief requested herein. Pursuant to 28 U.S.C. § 1446(a), a copy of the Petition and all other pleadings of record served on or by State Farm to date, along with service documents and an executed service return are attached hereto as Exhibit A.  Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon Sharon Whitlow and Stephen Whitlow, attorneys for Tommas Cochran and Mitzi Cochran, and the Clerk of Court for the 19th Judicial District Court, Parish of East Baton Rouge, State of Louisiana. No other process, pleadings, or orders have been served upon State Farm.

**IV.    CONCLUSION**

20.

Under the applicable provisions of 28 U.S.C. §1441 and other applicable statutes, all of which Defendant, State Farm, has complied with, this cause of action is removable to the United States District Court for the Middle District of Louisiana.

21.

State Farm reserves the right to supplement or amend this Notice of Removal.

22.

State Farm reserves all defenses, and the filing of this Notice of Removal is subject to, and without waiver, of any and all defenses that are or might become, including, but not limited to those available to State Farm.

23.

The Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and Uniform Local Rules of the District Courts.

    Respectfully submitted,

*/s/ Charles L. Chassaignac, IV*
**CHARLES L. CHASSAIGNAC, IV (#20746)**
**ELEANOR W. WALL (#29695)**
**EMILY S. MORRISON (#18351)**
**LAURA WELCH (#33060)**
Porteous, Hainkel & Johnson, L.L.P.
301 St. Charles Street
Baton Rouge, LA  70802
Telephone:  (225) 383-8900
cchassaignac@phjlaw.com
ewall@phjlaw.com
emorrison@phjlaw.com
lwelch@phjlaw.com

*Attorneys for State Farm Fire and Casualty Company*

### CERTIFICATE OF COMPLIANCE WITH 28 U.S.C. § 1446(d)

I hereby certify that on this 27th day of September, 2023, a copy of the foregoing Notice of Removal has been sent to the following:

**Plaintiffs Tommas Cochran and Mitzi Cochran –** *via email*
*Through their counsel of record:*
Sharon Whitlow
Stephen Whitlow
8280 YMCA Plaza Drive, Bldg. 7
Baton Rouge, LA 70810
Telephone: (225) 214-4141

9

swhitlow@wslawbr.com
Stephen.whitlow@wslawbr.com

**Clerk of Court -** *Via E-Filing*
East Baton Rouge Parish Clerk of Court
19th Judicial District Court
300 North Boulevard
Baton Rouge, LA  70801

                                                         /s/ Kellye R. Grinton
                                                         KELLYE R. GRINTON